**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SAC ILLINOIS OIL EXPLORATION, LLC, a New York Limited Liability Company, and MIL ENERGY CORPORATION, a New York Corporation, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. 13-CV-153-TCK-TLW<br>) |
| ADAM TAYLOR, an individual, and MID-ATLANTIC ENERGY, LLC, an Oklahoma Limited Liability Company, | )<br>)<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are Plaintiffs' Motion for Default Judgment (Doc. 13) and Defendants' Motion to Set Aside Clerk's Entry of Default (Doc. 16).

**I.   Background**

On March 14, 2013, Plaintiffs SAC Illinois Oil Exploration, LLC and MIL Energy Corporation ("Plaintiffs") filed a Complaint against Defendants Adam G. Taylor ("Taylor") and Mid-Atlantic Energy, LLC ("Mid-Atlantic"), asserting claims for breach of contract, rescission, breach of fiduciary duty, accounting, and common law fraud.  In the Complaint, Plaintiffs allege they are assignees of certain oil and gas leases that are owned and operated by Defendants. Plaintiffs contend they were induced by Defendants to pay "monetary amounts in consideration of assignment of oil and gas interests and certain guarantees of per-day production from wells. . . ." (Doc. 2 at ¶ 9.)  After payment, Plaintiffs claim Defendants failed to perform their contractual obligations.

Plaintiffs allege they effected service of process on Taylor, both individually and as the registered service agent of Mid-Atlantic, on March 18, 2013.[1] Neither Taylor nor Mid-Atlantic ever entered an appearance or otherwise responded to Plaintiffs' Complaint. Upon motion by Plaintiffs, the Court Clerk entered default against Taylor and Mid-Atlantic on June 25, 2013. On July 29, 2013, Plaintiffs moved for default judgment against Defendants in the amount of $335,000.00 plus punitive damages. Defendant subsequently filed a Motion to Set Aside Clerk's Entry of Default on August 2, 2013, arguing that the entry of default should be set aside because "Taylor was not at the specified address at the specified time and did not receive the documents asserted by Plaintiffs on March 18, 2013."[2]  (Doc. 16 at 2.)

Plaintiffs objected to Defendants' Motion to set aside the default, alleging the following facts. Defendants' attorney contacted Plaintiffs' counsel in late April 2013 regarding concerns about improper service. From May 1 until June 18, 2013, counsel for the parties corresponded regarding Defendants' efforts to sell certain oil and gas properties and refund their money. When communications between the parties broke down, Plaintiffs' counsel advised Defendants' counsel that he would seek default against Defendants unless the parties reached an agreement. No agreement was reached, and Plaintiffs then requested that the Court Clerk enter default against

---

[1] Plaintiffs attached an affidavit of Jason Posson ("Posson"), process server, to their Request for Entry of Default by the Clerk, in which Posson testfied that he personally served Taylor at his residence in Mannford, Oklahoma on March 18, 2013.

[2] Defendants allege Taylor traveled to a gas well near El Reno, Oklahoma with Heath Spencer on March 18, 2013, the day Plaintiffs claim Taylor was personally served at his residence in Mannford, Oklahoma. Taylor alleges he left before 3:00 pm and returned between 8:00-9:00 pm. Posson testified he served Taylor at 3:43 pm. Defendants have provided supporting affidavits from Taylor, Heath Spencer, and Kent Martindale, who trains Taylor's dogs every Monday from 3:00-4:30 pm. (*See* Docs. No. 16-1, 16-2, and 16-3.)

Defendants. Plaintiffs transmitted courtesy copies of their Request for Entry of Default, the Affidavit of Jason Posson, and the Clerk's Entry of Default to Defendants on June 27, 2013.

## II.      Motion to Set Aside Entry of Default

The Federal Rules of Civil Procedure authorize the entry of default "[w]hen the party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . ." Fed. R. Civ. P. 55(a). Rule 55(c) provides that a court "may set aside an entry of default for good cause."[3] The "principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."[4] *Hunt v. Ford Motor Co.*, No. 94-3045, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995). The factors are not "talismanic," and a court may consider other factors. *Id.* The analysis is guided by the general principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment" but that such preference must be "counterbalanced by considerations of social goals, justice, and expediency." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

---

[3] Defendants set forth the wrong standard in their motion. Although they cite Rule 55(c), Defendants rely on Rule 60(b) in asserting that "the court may set aside an entry of default for good cause with one such cause being: the judgment is void." No default judgment has been entered in this case and, therefore, Rule 60(b) does not apply. Even assuming Rule 60(b) did apply, Defendants also failed to cite the appropriate test for Rule 60(b).

[4] Because they rely on the wrong standard, Defendants have not articulated arguments regarding any of the three factors. The Court, therefore, has considered the facts in Defendants' motion to set aside, Plaintiffs' objection, and accompanying materials to determine whether the Clerk's entry of default should be set aside.

A.  *Culpable Conduct*

"Generally, a party's conduct will be considered culpable only if the party defaulted willfully or has no excuse for the default." *United States v. Timbers Preserve*, 999 F.2d 452, 454 (10th Cir. 1993). "An unintentional or good faith mistake is not considered culpable conduct for purposes of Rule 55(c)." *Id.* "A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *United States v. Signed Pers. Check No. 730*, 615 F.3d 1085, 1092 (9th Cir. (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695-98 (9th Cir. 2001)). "Intentionally" means that:

> [A] movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process. We have typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond.

*Id.* (internal citations and quotation marks omitted). If the default was the result of the defendant's culpable conduct, the court may refuse to set aside the default on that basis alone, without considering the other factors. *Hunt*, 1995 WL 523646, at *3.

It is not disputed that Defendants received *actual* notice of the lawsuit in April 2013 when Defendants' counsel contacted Plaintiffs' counsel. Even assuming, as Defendants contend, that they were not properly served,[5] Defendants had actual notice of the suit prior to the entry of default and were less than diligent in fulfilling their litigation obligations. The appropriate course of action by Defendants would have been to appear and then challenge service of process using a motion to

---

[5] As discussed *supra* note 2, Taylor disputes that he was properly served by Posson. For purposes of this motion, the Court accepts Taylor's version of events.

4

dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. The Court can only speculate as to why Defendants' counsel instead chose not to appear at all and to wait over one month to move to set aside the default (and, perhaps, only after being prompted by the threat of a default judgment), rather than doing so within days of receiving notice of the entry of default in late June.

However, the crucial question is whether Defendants engaged in "culpable conduct" that led to entry of default by the Court Clerk on June 25, 2013. Although Defendants' conduct upon receiving notice of the lawsuit was certainly irresponsible, the Court is not convinced that Defendants' actions were in bad faith or that Defendants intended to take advantage of Plaintiffs, interfere with judicial decisionmaking, or otherwise manipulate the legal process. Accordingly, the Court finds that Defendants have met their burden of showing that the June 25, 2013 entry of default was not the result of their "culpable conduct," as that phrase is used for purposes of Rule 55(c).

B. *Prejudice*

Next, the Court must analyze whether Plaintiffs would be prejudiced if the default is set aside. In their objection, Plaintiffs have not argued that they will be prejudiced if the entry of default is set aside. However, Plaintiffs repeatedly note that Defendants have had nearly five months to challenge the validity of service and, instead, chose not to do so.[6] While the Court agrees with Plaintiffs that Defendants could have challenged service much earlier in the proceeding, this is not the type of prejudice to Plaintiffs that warrants denying the motion to set aside. Plaintiffs still have every opportunity to prosecute their claims against Defendants, and Plaintiffs have spent relatively

---

[6] Just as Defendants waited nearly five months to challenge service of process, Plaintiffs also waited several months to request entry of default and move for default judgment.

5

little time or expense to prove the amount of damages sought. Setting aside the entry of default will not significantly disrupt the schedule of the case, given that no scheduling order has been entered.

        C.      *Meritorious Defense*

Under the third factor of the Rule 55(c) analysis, "the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). The moving party must present "a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious." *Id.* Courts within the Tenth Circuit have interpreted this to be a minimal requirement, requiring that "defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense." *Crutcher v. Coleman*, 205 F.R.D. 581, 585 (D. Kan. 2001).

Because Defendants applied the wrong standard in their motion, Defendants did not argue that they have a meritorious defense to Plaintiffs' claims. However, in the proposed answers attached to their motion, Defendants have enumerated myriad affirmative defenses, including that Plaintiffs have failed to plead their fraud claim with the required particularity. Mid-Atlantic also asserts a counterclaim against Plaintiffs for breach of contract and unjust enrichment. Therefore, Defendants have presented several meritorious defenses to Plaintiffs' claims. *See Pinson v. Equifax Credit Info. Sys., Inc.*, No. 08-5063, 2009 WL 595991, at *3 (10th Cir. Mar. 10, 2009) (affirming setting aside of entry of default where defendant argued it was improperly served and raised three defenses in its motion to vacate, including failure to state a claim).

6

### III.  Conclusion

Plaintiffs' Motion for Default Judgment (Doc. 13) is DENIED.  Defendants' Motion to Set Aside Clerk's Entry of Default (Doc. 16) is GRANTED, and the default entered by the Court Clerk on June 25, 2013 (Doc. 12) is SET ASIDE pursuant to Federal Rule of Civil Procedure 55(c). Defendants shall answer the Complaint no later than October 22, 2013.

**SO ORDERED** this 15th day of October, 2013.

*[Signature]*

**TERENCE KERN**
**United States District Judge**