# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SAC ILLINOIS OIL EXPLORATION, LLC, a New York Limited Liability Company, and MIL ENERGY CORPORATION, a New York Corporation, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | No. 13-CV-153-TCK-TLW |
| ADAM TAYLOR, an individual, and MID-ATLANTIC ENERGY, LLC, an Oklahoma Limited Liability Company, | ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Reopen Case (Doc. 41).

**I.     Background**

On June 16, 2014, the parties participated in a settlement conference before an adjunct settlement judge. Following the conference, the adjunct settlement judge filed a report indicating that the litigation had been settled. The Court entered a minute order directing the parties to file their dismissal papers by July 16, 2014. On July 31, 2014, the parties filed a Joint Stipulation of Dismissal (Doc. 40), whereby the "parties jointly stipulate[d] to the dismissal without prejudice of all claims asserted . . . subject to the settlement agreement entered into by the parties herein on June 16, 2014 . . . ."

On December 5, 2014, Plaintiffs filed their motion to reopen case, moving the Court to "reopen" the case based on an alleged breach of the settlement agreement by Defendants Adam Taylor and Mid-Atlantic Energy, LLC ("Defendants"). Plaintiffs allege Defendants breached the

settlement agreement by failing to make the payments required. Defendants contend the Court lacks jurisdiction to reopen the case.

**II.     Analysis**

Although Plaintiffs have requested to "reopen" the case, what Plaintiffs actually seek is enforcement of the settlement agreement. Once a case has been dismissed, the district court does not have jurisdiction to enforce the settlement agreement absent an order by the court expressing intent to retain jurisdiction over the settlement agreement or incorporating the settlement agreement into the terms of the dismissal. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994); *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). The *Kokkonen* Court noted that "[t]he judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." 511 U.S. at 381.

Here, the stipulation of dismissal filed by the parties evidences no intent that the Court retain jurisdiction over the settlement agreement following dismissal. The stipulation, which closed the case, was not signed by or entered by the Court. Other than noting that the dismissal is "subject to the settlement agreement," the stipulation does not otherwise reference the settlement agreement, reserve jurisdiction over disputes regarding the settlement agreement, or incorporate any of its terms. The Court neither read nor approved of the terms of the settlement agreement. The terms of the settlement agreement were not shared with the Court until Plaintiffs filed their motion to reopen. If the parties intended the Court to retain jurisdiction over the settlement agreement, the parties should have expressed such intention in the stipulation of dismissal. *Id.* (noting that the "the parties' compliance with the terms of the settlement contract (or the court's 'retention of

2

jurisdiction' over the settlement contract)" may be one of the terms set forth in a dismissal pursuant to Rule 41).

The Court rejects Plaintiffs' contention that the parties expressed an intent for the Court to retain jurisdiction in paragraph 8 of the settlement agreement which provides:

> Plaintiffs and Defendants further agree that the United States District Court for the Northern District of Oklahoma maintains venue and jurisdiction over the enforcement of this Settlement Agreement and over any claims or defenses which may be asserted by Plaintiffs or Defendants *should this lawsuit be refiled because of the failure of Defendants to make the timely payments* referenced in paragraph 1 above.

(Pls. Reply 3) (emphasis added). In considering the very scenario in which they now find themselves, the parties contemplated the lawsuit being refiled, not reopened. Therefore, any intention expressed by the parties contradicts the relief now being sought by Plaintiffs. Accordingly, the Court lacks jurisdiction to enforce the settlement agreement, and Plaintiffs' Motion to Reopen is denied.[1]

## III. Conclusion

For the reasons outlined above, Plaintiffs' Motion to Reopen (Doc. 41) is DENIED.

**IT IS SO ORDERED this 29th day of January, 2015.**

TERENCE C. KERN
United States District Judge

---

[1] In their reply, Plaintiffs alternatively request the Court set aside the stipulation pursuant to Federal Rule of Civil Procedure 60(b)(1). Rule 60(b)(1) allows the Court to relieve a party from an order based on "mistake, inadvertence, surprise, or excusable neglect." The Court finds that breach of a settlement agreement does not fall within any of the enumerated reasons, *see Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140-41 (3d Cir. 1993), and Plaintiffs have offered no other reason why relief would be warranted. Therefore, Plaintiffs' request to set aside the stipulation of dismissal is also denied.